IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

ANTHONY MICHAEL JACKSON,

        Plaintiff

VS.

BRUCE CHATMAN, *et al*.,

        Defendants

NO. 5:09-CV-203 (HL)

**PROCEEDINGS UNDER 42 U.S.C. §1983
BEFORE THE U. S. MAGISTRATE JUDGE**

# ORDER AND RECOMMENDATION

Before the court is a motion seeking dismissal filed by defendants Bruce Chatman, Sean Jackson, John Moss, Mathew Ivey, and Gloria Chester. Tab #18. Therein, the defendants contend, *inter alia*, that prior to filing the above-captioned 42 U.S.C. §1983 action, plaintiff Anthony Michael Jackson failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act ("PLRA"). 42 U.S.C. § 1997e(a). The undersigned ordered and directed the plaintiff to file a response to the motion. Tab #19. The plaintiff filed responses (Tab #20 and Tab #27) to which the defendants replied (Tab #23). The motion is now ripe for review.

## FACTUAL AND PROCEDURAL BACKGROUND

In his original Complaint, plaintiff Jackson states that he was violently and unlawfully physically assaulted by defendant Ivey while defendant Moss and defendant Chester stood by and refused to help him. Tab #1. He also named Warden Bruce Chatman as a defendant in his Complaint but failed to make any allegations against him. As a result of the defendants' conduct, the plaintiff requested substantial monetary damages and injunctive relief.

Upon an initial review of this complaint, and owing to the plaintiff's failure to make any substantive claims against him, the undersigned recommended dismissal of defendant Chatman. Tab #8. In addition, and in light of the fact that the plaintiff had been transferred to Autry State Prison, the undersigned recommended that the plaintiff's request for injunctive relief in the form of a transfer be dismissed as moot. *Id.*

After the undersigned filed this recommendation, but prior to its being considered by the district judge, the plaintiff filed a motion seeking to amend his initial complaint. Tab #15. As no responsive pleadings had yet been filed, the unnecessary motion seeking leave to amend was granted as a matter of course. Tab #16. Shortly thereafter, and upon a *de novo review* of the undersigned's recommendation to dismiss defendant Chatman as well as the plaintiff's claims for injunctive relief, the district judge adopted the recommendation noting therein that it had no effect on the undersigned's earlier order granting the plaintiff's request to amend. Tab #17.

Pursuant to the directives contained in the above-mentioned recommendation, defendants Ivey, Moss, and Chester were notified and subsequently waived service of summons. Tab #12, Tab #13, Tab #14. Thereafter, and rather than filing an answer, these defendants filed the instant motion seeking dismissal. Tab #18. In addition, and despite the fact that they had not been served, defendants Chatman and Jackson joined in the motion.

## **LEGAL STANDARDS**

A complaint is subject to dismissal pursuant to Fed. R. Civ. P. 12(b)(6), if it does not "state a claim upon which relief can be granted." When ruling on a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), all factual allegations in the complaint must be accepted as true, with all reasonable inferences construed in the light most favorable to the plaintiff. *Wagner v. Daewoo Heavy Industries America Corp.*, 289 F.3d 1268, 1270 (11th Cir. 2002), *vacated on other grounds*, 298 F.3d 1228 (11th Cir. 2002); *See also*, *Beck v. Deloitte & Touche*, 144 F. 3d 732, 735 (11th Cir. 1988). Conclusory allegations and unwarranted deductions of fact, however, are not admitted as true. *Cotton v. Massachusetts Mut. Life Ins. Co.*, 402 F.3d 1267, 1278 (11th Cir. 2005). Moreover, "[a] complaint is subject to dismissal under Rule 12(b)(6) when its allegations – on their face – show that an affirmative defense bars recovery on the claim." *Marsh v. Butler County, Alabama*, 268 F. 3d 1014, 1022 (11th Cir. 2001) (*en banc*) (citing *Quiller v. Barclays American/Credit, Inc.*, 727 F. 2d 1067, 1069 (11th Cir. 1984) *vacated on petition for rehearing*, *reinstated by* 764 F. 2d 1400 (11th Cir. 1985)).

-2-

EXHAUSTION OF ADMINISTRATIVE REMEDIES

The Prison Litigation Reform Act of 1995 ("PLRA") mandates that before an incarcerated plaintiff can bring any action under 42 U.S.C. §1983, he must exhaust all of the administrative remedies available to him. 42 U.S.C. §1997e(a). The Eleventh Circuit has also made it clear that exhaustion of available administrative remedies is a precursor to a prisoner's filing a civil rights action, even when the administrative procedures set forth by the prison are futile or inadequate. *Alexander v. Hawk*, 159 F.3d 1321, 1326 (11th Cir. 1998).

Where a request for dismissal based upon the affirmative defense of failure to exhaust is properly raised, consideration of such a request involves the application of the two-step process described below. *Turner v. Burnside*, 2008 U.S. App. LEXIS 18510 at *8 (11th Cir. August 28, 2008). First, the court looks to the factual allegations in the defendant's motion seeking dismissal as well as those in the plaintiff's response. If they conflict, the court takes the plaintiff's version of the facts as true. *Id*. "If, in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed." *Id*. (citing, *Bryant*, 530 F.3d at 1373-74).

If the complaint is not subject to dismissal at the first step, the court proceeds to make specific findings in order to resolve the disputed factual issues related to exhaustion. *Bryant*, 530 F.3d at 1373-74, 1376; *Turner*, 2008 U.S. App. LEXIS 18510, at *9. Once these findings have been made, the court, based on those findings, must determine whether or not the inmate has exhausted available administrative remedies. *Turner* at *9.

**DISCUSSION**

As an initial matter, and upon a review of the docket in this case, the undersigned notes that no service has yet been ordered on defendants Chatman and Jackson. While this oversight would ordinarily be problematic, it is not in this case. This is because these two defendants' participation in this case relies solely upon allegations contained in the plaintiff's amendment. This amendment, which was permitted as a matter of procedure, describes an incident which took place at Autry State Prison some time after the alleged assault which occurred at Scott State Prison.

In view of this observation, the undersigned notes that a §1983 plaintiff may set forth only related claims in one civil rights complaint. As such, he may not join unrelated claims and various defendants unless the claims arise "out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a). As recognized by the Eleventh Circuit, "a claim arises out of the same transaction or occurrence if there is a logical relationship between the claims." *Construction Aggregates, Ltd. v. Forest Commodities Corp.*, 147 F.3d 1334, 1337 n.6 (11th Cir. 1998).

As the plaintiff Jackson has failed to show a "logical relationship" between his separate allegations and claims relating to the events at Scott State Prison and Autry State Prison, allowing him to proceed with the claims described in his amendment would be improper. Accordingly, the undersigned **VACATES** its order allowing the amendment. Because the remaining claims do not properly involve defendants Chatman and Jackson, the fact that they were not served is a non-issue.

With regard to the remaining claims, and as was noted above, the defendants have requested dismissal based upon the affirmative defense of failure to exhaust administrative remedies. In support of this request, they have submitted the affidavits of Donna Payne and Laura Cox, the prison officials responsible for investigating and responding to inmate grievances at Scott State Prison and Autry State Prison, respectively. In addition, the defendants submitted a copy of the Georgia Department of Corrections' Standard Operating Procedures concerning the statewide grievance procedure as well as a supporting brief. In this brief, and in reliance upon the averments contained in the above-mentioned affidavits, the defendants assert that plaintiff Jackson did not, despite ample opportunity, submit *any* grievances, formal or informal, concerning the alleged incident described in his Complaint. Thus, they argue, it is clear that he failed to comply with the exhaustion provisions of the PLRA and should be precluded from proceeding on the instant claims.

In response, the plaintiff makes unsupported and conclusory arguments that he was denied access to the necessary grievance forms and that the circumstances of his particular claim somehow relieve him from the PLRA's exhaustion of administrative remedies requirement. In reply, the defendants argue that the plaintiff's assertions are not supported by the facts or the law. The undersigned agrees.

After a careful review of the record in this case, and in accordance with the legal standards set forth above, the undersigned finds that the plaintiff did not submit any grievances concerning the incidents described in his Complaint. By extension, therefore, it appears that he failed to exhaust his available administrative remedies prior to filing this action.

## **CONCLUSION**

Accordingly, and for the reasons stated above, the defendant's motion seeking dismissal should be **GRANTED** and this action **DISMISSED**. Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to this RECOMMENDATION with the district judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy thereof.

**SO ORDERED and RECOMMENDED,** this 29th day of APRIL, 2010.



    CLAUDE W. HICKS, JR.
    UNITED STATES MAGISTRATE JUDGE